UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANCE ZACKERY EVERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7027** |
| **N.O.P.D. OFFICERS (NAMES UNKNOWN)** | **SECTION: "I"(4)** |

### REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The Plaintiff, Lance Zackery Everson ("Everson"), a state pretrial detainee presently incarcerated in the St. Bernard Parish Jail in Chalmette, Louisiana, filed the above captioned *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against unidentified police officers of the New Orleans Police Department. In the complaint, Everson alleges that the officers beat him

so severely during his arrest that he was rendered unconscious. He also alleges that the officers planted a gun on him.

## II.  **Standard of Review**

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[1]

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

---

[1] As used in § 1915A, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

**III.   Analysis**

    **A.   Unidentified Officers**

In this lawsuit, Everson has sued the unidentified officers involved in his arrest. Since this lawsuit was filed over a year ago, Everson has taken no action to amend his complaint to identify those officers. Because he clearly cannot pursue a lawsuit against unidentified individuals, the claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Vollmer v. Bowles*, Civ. Action No. 3:96-CV-0081,1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).[2]

    **B.   New Orleans Police Department**

To the extent that Everson also has named the New Orleans Police Department as a separate and distinct defendant, that claim should be dismissed because the Department is not a legal entity capable of being sued. *Atkinson v. NOPD*, Civ. Action No. 06-5820, 2007 WL 2137793, at *1 (July 23, 2007); *Banks*, 2007 WL 1030326, at *11; *Manley v. State of Louisiana*, Civ. Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).

---

[2] The Court further notes that it is now too late to amend the complaint to identify the officers with respect to the excessive force claims. The excessive force at issue was allegedly used during Everson's arrest, which he indicates occurred on October 5, 2006. Therefore, any excessive force claims accrued on that date. *See Price v. City of San Antonio*, 431F.3d 890, 893 (5th Cir. 2005). Everson then had one year from that date to bring his claims. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year.") (citation omitted); *see also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Smith v. Orleans Parish Prison*, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. Because it has now been well over two years since the excessive force claims accrued, and because any amendment to the complaint to identify the officers at this late date would not relate back to the filing of the original complaint, any such claims would be prescribed. *See Jacobsen*, 133 F.3d at 320-22; *see also Barrett v. Kocher*, Civ. Action No. 3:01-CV-0155, 2003 WL 21509160, at *2-3 (N.D. Tex. Apr. 11, 2003).

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Everson's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of December, 2008.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**